WO                                                                                               SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip S. Matwyuk, | No. CV 22-08082-PCT-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

On January 20, 2022, Plaintiff Philip S. Matwyuk, a prisoner confined in the Arizona State Prison Complex-Tucson, filed a pro se Complaint in the Mohave County Superior Court against the State of Arizona, Arizona Attorney General Brnovich, the Kingman Police Department, Kingman Police Officer Brandon Delong, the Mohave County Attorney's Office, and Deputy Mohave County Attorney James Schoppmann.[1] Plaintiff asserts violations of his constitutional rights (Doc. 1-3). On May 5, 2022, the County and City Defendants removed to this Court and represent that the State of Arizona Defendants have consented to removal. Defendants filed a motion to stay until the Court screens the Complaint (Doc. 3). Plaintiff has filed an objection to the removal (Doc. 4), and Defendants have filed a Motion to Strike Plaintiff's objection (Doc. 5).

Plaintiff's federal claims against Defendants Kingman Police Department and

---

[1] Plaintiff repeatedly refers to Schoppmann as an Arizona District Attorney and apparently, albeit erroneously, believes that Schoppmann worked for the Arizona Attorney General's Office. Schoppman was, and apparently remains, a Deputy Mohave County Attorney.

1  Mohave County Attorney's Office will be dismissed as neither is a proper defendant under
2  42 U.S.C. § 1983.  Plaintiff's remaining federal claims will be dismissed as barred by *Heck*
3  *v. Humphrey*, 512 U.S. 477, 486-87 (1994), as not yet having accrued.  The Court will
4  remand the balance of Plaintiff's claims.

**I.     Removal**

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a).  In his Complaint, Plaintiff alleges federal constitutional violations.  This Court's jurisdiction extends to claims for violation of constitutional rights under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1331 (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States").  Further, the Court may exercise supplemental jurisdiction over related state-law claims.  28 U.S.C. § 1367(c).  The removing Defendants removed the case within 30 days of being served with the Complaint and indicate the remaining Defendants consented to removal.  It therefore appears this case was timely and properly removed.

Plaintiff objects to removal on the basis that removal does not constitute an answer or defense to his claims.  However, as described above, federal law specifically provides that a state court defendant may remove a case from state to federal court if a plaintiff has alleged a claim over which a federal court has subject matter jurisdiction, as Plaintiff has.  Accordingly, Plaintiff's objection is overruled.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's federal claims against the Defendants will be dismissed without leave to amend because they cannot be amended to cure their deficiencies. The Court will remand the balance of Plaintiff's Complaint to the Mohave County Superior Court.

### III. Complaint

In his Complaint, Plaintiff asserts violations of his federal constitutional rights under 42 U.S.C. § 1983 and state law claims. All of Plaintiff's claims are asserted in connection

1  with his conviction by a jury in Mohave County Superior Court, case # CR 201200754.
2  *See State v. Matwyuk*, No. 1 CA-CR 14-0202, 2015 WL 3400939, at *1-3 (Ariz. Ct. App.
3  May 26, 2015).  In that case, Plaintiff was convicted of offenses occurring on June 2, 2012
4  as follows: first degree burglary, attempted second-degree murder aggravated assault,
5  aggravated assault by domestic violence, aggravated assault, disorderly conduct with a
6  weapon, misdemeanor assault, and misdemeanor assault.  *Id.*  The Arizona Court of
7  Appeals affirmed Plaintiff's convictions and sentence on direct appeal.

On November 7, 2017, the Arizona Court of Appeals granted review, but denied relief, from the dismissal of Plaintiff's state petition for post-conviction relief.  *State v. Matwyuk*, No. 1 CA-CR 16-0833 PRPC, 2017 WL 5147238, at *1 (Ariz. Ct. App. Nov. 7, 2017).  On June 5, 2020, this Court dismissed Plaintiff's petition for writ of habeas corpus on the merits.  *Matwyuk v. Ryan*, 3:18-08299-PCT-JAT (D. Ariz. June 5, 2020), Doc. 30.  The Ninth Circuit Court of Appeals denied a certificate of appealability, No. 20-16316 (9th Cir. Jan. 14, 2021), and the United States Supreme Court denied a petition for writ of certiorari, No. 21-8005 (2021).

In his Complaint, Plaintiff alleges that Defendants Brnovich, Delong, and Schoppmann concealed or falsified evidence and prosecutorial misconduct in violation of various state and federal constitutional rights, including nondisclosure of *Brady* evidence and wrongful conviction.

**IV.   42 U.S.C. § 1983**

A plaintiff may seek damages for violation of his federal constitutional rights under 42 U.S.C. § 1983.  To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v.*

*Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. Improper Defendants Under § 1983

Plaintiff sues the Kingman Police Department and the Mohave County Attorney's Office. Plaintiff may not obtain relief under § 1983 against either.

A police department is not a "person" within the meaning of § 1983. *See e.g., Petaway v. City of New Haven Police Dep't*, 541 F. Supp. 2d 504, 510-11 (D. Conn. 2008); *Pahle v. Colebrookdale Tp.*, 227 F. Supp. 2d 361, 367 (E.D. Pa. 2002); *Johnson v. Scottsdale Police Dep't*, No. CV15-0094, 2015 WL 875371, at *3 (D. Ariz. Mar. 2, 2015). The Kingman Police Department is merely a subpart of the City of Kingman, not a separate entity for purposes of suit. *Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008); *see Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (county sheriff's office is a nonjural entity); *see also Vincente v. City of Prescott*, 2012 WL 1438695 (D. Ariz. 2012) (city fire department is a nonjural entity). Accordingly, to the extent that Plaintiff asserts any federal claim under § 1983 against the Kingman Police Department, such claim will be dismissed.

A county attorney's office also is not a "person" under 42 U.S.C. § 1983. *Wilson v. Yavapai Cnty.*, 2012 WL 1067959 (D. Ariz. 2012) (county sheriff's office and county attorney's office are nonjural entities). Accordingly, to the extent that Plaintiff asserts any federal claim under § 1983 against the Mohave County Attorney's Office, such claim will be dismissed.

### B. Heck v. Humphrey

Plaintiff seeks damages for alleged federal constitutional violations in connection with his criminal proceedings, which he contends resulted in his wrongful conviction and imprisonment. A civil rights claim brought under § 1983 that, if successful, would necessarily undermine the validity of a conviction or the duration of a sentence may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). A prisoner's sole federal remedy to challenge the validity or duration of his confinement is a petition for a writ of

habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil rights claim under § 1983 does not accrue unless or until the prisoner has obtained a "favorable termination" of the underlying conviction. *See Heck*, 512 U.S. at 489. Under the "favorable termination" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Id.*, 512 U.S. at 486-87. Without such a showing of a "favorable termination," a person's cause of action under § 1983 has not yet accrued. *Id.* at 489. Thus, success on any claim under § 1983 that would necessarily imply the invalidity of confinement, or its duration, does not accrue "and may not be brought" unless and until the underlying conviction, sentence or parole decision is reversed. Only then may a plaintiff properly seek relief under 42 U.S.C. § 1983.

Plaintiff's federal claims, if successful, would necessarily imply the invalidity of his conviction. Plaintiff has not shown or alleged, and it does not otherwise appear, that Plaintiff's conviction has been reversed, expunged, or otherwise invalidated. Accordingly, Plaintiff's federal claims will be dismissed as not yet having accrued under *Heck*. The Court declines to exercise supplemental jurisdiction over Plaintiff's non-federal claims. 28 U.S.C. § 1367(c). Plaintiff's remaining non-federal claims will be remanded to the Mohave County Superior Court.

**IT IS ORDERED**:

(1) Plaintiff's objection to removal (Doc. 4) is **overruled**.

(2) Plaintiff's federal claims are **dismissed as to Defendants Kingman Police Department and Mohave County Attorney's Office** without leave to amend for failure to state a claim and are **dismissed as to the remaining Defendants** without prejudice as not yet having accrued under *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

(3)  Defendants' motion for screening (Doc. 3) and motion to strike (Doc. 5) are **denied** as moot.

(4)  The Clerk of the Court must remand Plaintiff's remaining claims to the Mohave County Superior Court and close the federal case.

Dated this 8th day of June, 2022.

James A. Teilborg
Senior United States District Judge